UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,
v.

WD 17800, LLC, SBS ENTERPRISE, LLC,
d/b/a Neverland Coffee Bar, and
TAP BEER MIAMI, INC.

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Jesus Gonzalez, by and through the undersigned counsel, hereby sues Defendants, WD 17800, LLC, SBS Enterprise, LLC, d/b/a Neverland Coffee Bar, and Tap Beer Miami, Inc., for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff, Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to assure that Defendant and other public accommodations are in compliance with the ADA and ADAAG.

5. Defendant, WD 17800, LLC, is a foreign limited liability company authorized to transact business in the state of Florida, which owns and/or operates a commercial real property identified as Folio: 30-2209-020-0010, located at 17800 W Dixie Hwy, North Miami Beach, Florida 33160, and the subject of this action. Defendant's real property is built as an office building and referenced throughout as "Commercial Property".

6. Defendant, SBS Enterprise, LLC, is Florida limited liability company, which upon information and belief owns and operates a restaurant branded "Neverland Coffee Bar", located within this district at 17830 W Dixie Hwy, North Miami Beach, Florida 33160, and subject to this action, and referred hereto as "SBS Enterprise" or "Operator".

7. Defendant, Tap Beer Miami, Inc., Florida for-profit corporation, which upon information and belief owns and operates a restaurant branded "Tap Beer Miami", located within this district at 17850 W Dixie Hwy, North Miami Beach, Florida 33160, and subject to this action, and referred hereto as "Tap Beer Miami" or "Operator".

## FACTS

8. Defendant, WD 17800, LLC, owns and operates a commercial property, which is built as a shopping center housing a myriad of different businesses that pay Defendant

rent, including retail, dining options, and related establishments, that provides goods/services to the general public. As such, a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104. Defendant, WD 17800, LLC, is also referenced throughout as "WD 17800" or "place of public accommodation".

9. Defendant, "SBS Enterprise", is the owner and operator of the "Neverland Coffee Bar", located at 17830 W Dixie Hwy, North Miami Beach, Florida 33160, which is open to the general public. As such, a Place of Public Accommodation subject to the requirements of Title III of the ADA and it's implementing regulation as defined by 42 U.S.C. §12181(7), §12182, and 28 C.F.R. §36.104.

10. Defendant, "Tap Beer Miami", is the owner and operator of the "Tap Beer Miami" located at 17850 W Dixie Hwy, North Miami Beach, Florida 33160, which is open to the general public. As such, a Place of Public Accommodation subject to the requirements of Title III of the ADA and it's implementing regulation as defined by 42 U.S.C. §12181(7), §12182, and 28 C.F.R. §36.104.

11. At all times material hereto, Defendant, "WD 17800", has leased its commercial property to Defendant, "SBS Enterprise", who in turn has operated (and continues to operate) its "Neverland Coffee Bar" restaurant within that leased space, and to Defendant, "Tap Beer Miami" who in turn has operated (and continues to operate) its "Tap Beer Miami" restaurant within that leased space.

12. As the owner/operator of a restaurant, bar, which are open to the public, Defendants, "SBS Enterprise" and "Tap Beer Miami", are defined as a "Public Accommodation" within meaning of Title III because are a private entity which owns, and/or

operates a restaurant, bar, or other establishment serving food or drink; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104.

13. On or about June 2, 2024, (June 29, 2024, and July 23, 2024 , Plaintiff personally visited the Commercial Property to inquire and/or use of the services of the tenants' businesses, and to test for compliance with the ADA/ADAAG, but because he perambulates with the assistance of a wheelchair, and encountered multiple violations of the ADA that directly affected his ability to use and/or access the Commercial Property and businesses therein, (including the related parking lots and common areas), and has definite plans to return to the Commercial Property within six (6) weeks of the filing of this Complaint in order to avail himself of the services offered to the public at the Commercial Property, if it becomes accessible.

14. Plaintiff has encountered architectural barriers that are in violation of the ADA, at the Commercial Property. The barriers to access at Defendants' Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and businesses therein and likewise endangered his safety. The barriers to access, which are set forth below, have accordingly posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, and others similarly situated.

15. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operators Defendants, "SBS Enterprise" and "Tap Beer Miami", and by the owner of the commercial property, Defendant, "WD 1780", which houses "Neverland Coffee Bar" and "Tap Beer Miami" restaurants.

16. Defendants own and operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation (the shopping center that is the subject of this Action for their violations of the ADA) that Defendants own and/or operate, the Commercial Property referenced above.

17. Plaintiff, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property, including, but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property and businesses therein which are open to the public and in violation of the ADA. Plaintiff desires to visit the Commercial Property not only to avail himself of the goods and services available at the Commercial Property, but to also assure himself that this Commercial Property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property without fear of discrimination.

18. As the owner and operator of a restaurant. Defendants, "SBS Enterprise" and "Tap Beer Miami", are aware of the ADA and the need to provide equal access to all areas of its facilities. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its facility is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

19. As the owners of commercial property which built out and utilized as restaurant an establishment that provides goods/services to the general public, Defendant, "WD 17800", is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104.

20. As the owner of commercial property, which is built as public accommodation, Defendant, "WD 17800", Defendant is aware of the ADA and the need to provide for equal access to its commercial property as related to its multiple public accommodation tenants. Therefore, Defendant's failure to reasonably accommodate individuals with disabilities is/was willful, malicious, and oppressive and in complete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302.

21. As a result of the joint and several discriminations by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

22. Plaintiff continues to desire to patronize and/or test the restaurants "Neverland Coffee Bar" operated by Defendant, "SBS Enterprise" and "Tap Beer Miami" operated by Defendant, "Tap Beer Miami" and located at the commercial property owned by Defendant, "WD 17800", but continues to be injured, in that he continues to be discriminated against due to the barriers to access within that restaurant which are in violation of the ADA.

23. Any and all requisite notice has been provided.

24. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

25. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

26. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

27. Prior to the filing of this lawsuit, Plaintiff personally visited the commercial property with the intention of patronizing and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access the goods and services offered at Defendant's commercial property. Therefore, Plaintiff has suffered an injury in fact.

28. Defendants, "WD 17800", "SBS Enterprise" and "Tap Beer Miami", have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the properties the businesses thereon, in derogation of 42 U.S.C. §12101 *et seq.,* and as

prohibited by 42 U.S.C. §12182 *et seq.,* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

29. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at "Neverland Coffee Bar" and "Tap Beer Miami".

30. Defendants are jointly and singularly governed by the ADA and must comply therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

31. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

32. Defendant, "WD 17800", owner of the commercial property, which houses Defendants, "SBS Enterprise" and "Tap Beer Miami", is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and all Defendants, Defendants, "SBS Enterprise" and "Tap Beer Miami" (operators) and Defendant, "WD 17800" (owner of the commercial property) (jointly and severally), are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

**Parking Lot & Accessible Route**

  i. The plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5

        of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

ii. The plaintiff had difficulty travel to the building from the accessible parking space as there are cross slopes in excess of 2% Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The plaintiff had difficulty traveling from accessible parking space towards the shopping area. Violation: Gate is encroaching the required passage width from the accessible parking spaces toward the main area, violating Section 4.3.2 of the ADAAG and Section 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**Access to Goods and Services**
**Exterior Seating**

iv. The facility does not provide the required amount of seating. Failing to provide sufficient amount of seating when dining surfaces are provided for the consumption of food or drinks for person(s) with a disability in violation of section 5.1 of the ADAAG and Sections 226 of the 2010 ADA Standards.

**Tap Beer Miami**
**Men's Accessible Restroom – General Area**

v. The plaintiff could not use the lavatory without assistance, as does not provide knee clearance. Violation: Lavatory does not provide the required knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

**Men's Accessible Restroom – Accessible Stall**

vi. The plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. Sections 4.17.5 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to encroaching item (Trash can). Violation: The trash bin is encroaching over the accessible water closet clear floor space. Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.  The plaintiff could not transfer to the toilet without assistance, as the side wall grab bar does not provide the required length. Violation: The side wall grab bars is 36" long violating. Sections 4.16.4 of the ADAAG and Sections 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.  The plaintiff could not use the toilet without assistance, as it is mounted outside the required distance from the side wall. Violation: Water closet is mounted in a non-compliant distance from the sidewall. Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

x.  The plaintiff could not use the toilet without assistance, as it flush control is mounted towards the wall side. Violation: Water closet flush control is not mounted on the open side of the water closet. Sections 4.16.5 of the ADAAG and Sections 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

xi.  The plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not provide the required length. Violation: The rear wall grab bars is 24" long violating Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 of the 2010 ADA Standards, whose resolution is readily achievable.

xii.  The plaintiff could not use the restroom without assistance, as the required clear floor space was not provided due to the dimensions. Violation: Compliant clear floor space is not provided in the restroom, violating Sections 4.2.3 and 4.22.3 of the ADAAG and Sections 304.3 and 603.2 of the 2010 ADA Standards.

xiii.  The plaintiff could not transfer to the toilet without assistance, as accessible stall does not provide the required clear floor space. Violation: The stall wall is encroaching over the accessible toilet compartment clear floor space for floor mounted water closets. Section 4.17.3 of the ADAAG and Sections 604.8.1.1 of the 2010 ADA Standards, whose resolution is readily achievable.

xiv.  The plaintiff could not use the toilet tissue dispenser without assistance, as it is mounted outside the required distance in front of the toilet. Violation: Toilet tissue dispenser is mounted at non-compliant distance in front of the water closet to the centerline of the dispenser. Sections 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

xv.  The plaintiff could not use the coat hook without assistance, as it is not mounted at the required location. Violation: The coat hook is not mounted in accordance with Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**Access to Goods and Services – Tab Beer Miami**

**Gonzalez v. WD 17800**<br>**Complaint for Injunctive Relive**

**Interior Seating**

    xvi.    The facility does not provide the required amount of seating. Failing to provide sufficient amount of seating when dining surfaces are provided for the consumption of food or drinks for person(s) with a disability in violation of section 5.1 of the ADAAG and Sections 226 of the 2010 ADA Standards.

**Neverland Coffee Bar**
**Main Entrance**

    xvii.    The plaintiff could not enter the restroom without assistance, as the door has a non-compliant hardware. Violation: Non-compliant knob-type door hardware, requiring grasping and turning of the wrist to operate, violating Section 4.13.9 of the ADAAG and Section 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

**Unisex Accessible Restroom**

    xviii.    There are permanently designated interior spaces without proper signage, as the signage is mounted on the door leaf, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

    xix.    The plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to encroaching item (Trash can). Violation: The trash bin is encroaching over the accessible water closet clear floor space. Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

    xx.    The plaintiff had difficulty using the lavatory without assistance, as the required clear floor space was not provided due to encroaching item (poles). Violation: The support pole is encroaching over the accessible lavatory clear floor space. Section 4.19.3 of the ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

    xxi.    The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory bottom supply and/or drain pipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

    xxii.    The plaintiff could not use the hand dryer without assistance, as it is not mounted at the required location. Violation: The hand dryer is not mounted in accordance

      with Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

xxiii. The plaintiff could not use the coat hook without assistance, as it is not mounted at the required location. Violation: The coat hook is not mounted in accordance with Section 4.2.5 of the ADAAG and Section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

### Accessible Route toward Restroom

xxiv. The plaintiff had difficulty to transit through store without assistance, as inside the store the accessible route towards restroom do not maintain the required clear width requirements creating barriers for people using wheelchairs or other mobility devices violating of Section 4.3.3 of the ADAAG and Section 403.5.1, 403.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

### Access to Goods and Services
### Interior Seating

xxv. The facility does not provide the required amount of seating. Failing to provide sufficient amount of seating when dining surfaces are provided for the consumption of food or drinks for person(s) with a disability in violation of section 5.1 of the ADAAG and Sections 226 of the 2010 ADA Standards

33. Pursuant to the ADA, 42 U.S.C. §12101 *et seq*, and 28 C.F.R. §36.304, Defendants has been required to make its Commercial Property and office building accessible to persons with disabilities since January 28, 1992, and Defendants have failed to comply with this mandate.

34. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief; including an order for Defendants to alter the Commercial Property and office building such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendants, WD 17800, LLC, SBS Enterprise, LLC, d/b/a Neverland Coffee Bar, and Tap Beer Miami, Inc, and requests the following injunctive and declaratory relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendant to alter the commercial property and located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court awards any and all other relief that may be necessary and appropriate.

Respectfully submitted on July 26, 2024.

By: */s/ Juan Courtney Cunningham*
Juan Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*